UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDMUND G. SANDERSON,

                    Plaintiff,

      -v-                                          8:16-CV-644

FIRST LIBERTY INSURANCE
CORPORATION,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

EDMUND G. SANDERSON
Plaintiff, Pro Se
7581 State Route 9
Plattsburgh, NY 12901

GOLDBERG, SEGALLA LAW FIRM         JONATHAN SCHAPP, ESQ.
Attorneys for Defendant                    SHARON ANGELINO, ESQ.
665 Main Street, Suite 400
Buffalo, NY 14202

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

     This is an insurance coverage dispute between pro se plaintiff Edmund G. Sanderson ("Sanderson" or "plaintiff") and defendant First Liberty Insurance Corporation ("First Liberty" or "defendant"), his homeowner's insurance carrier.  Plaintiff purchased homeowner's insurance policy number H36-228-085080-70 from defendant to cover his home in

Plattsburgh, New York. The policy's effective period ran between January 25, 2013 and January 25, 2014.

As relevant here, the policy provided that "[n]o action can be brought against [the insurer] unless . . . the action is started within two years after the inception of the loss." The policy further explained that, for purposes of this limitation, "inception of the loss" means "the date on which the direct physical loss or damage occurred." See Townsend Decl. Ex. B, ECF No. 5-5.

On January 7, 2014, Sanderson "discovered" some water and mold property damage at his home.[1] Plaintiff initially sought coverage for the loss from First Liberty in accordance with the policy and was assigned claim number 028787581. However, relations between the parties eventually broke down and plaintiff determined that a lawsuit would be the appropriate future course of action.[2]

On January 6, 2016, Sanderson attempted to initiate suit in state court—he filed a Summons with Notice in Supreme Court, Clinton County, under index number 2016-00000023. Plaintiff's Summons with Notice named "Liberty Mutual Insurance" as the defendant in the action, but plaintiff did not serve this summons on defendant.

On May 4, 2016, Sanderson filed an Amended Summons with Notice in Supreme Court under the same index number. This time, plaintiff's Amended Summons with Notice named "First Liberty Insurance Corporation" as the defendant in the action. And this time,

---

[1] First Liberty suggests the loss may have "occurred" earlier but treats this date as the relevant one for purposes of the pending motions.

[2] Sanderson appears to have first filed a complaint actually setting forth the factual allegations in support of his claimed loss with this Court on July 20, 2016. ECF No. 15.

plaintiff effected service on defendant through the New York State Department of Financial Services in accordance with New York Insurance Law § 1212.

On June 6, 2016, First Liberty removed the action to the U.S. District Court for the Northern District of New York and thereafter moved to dismiss the action under Federal Rule of Civil Procedure ("Rule") 12(b)(4) and (6).[3] Plaintiff opposed and cross-moved under Rules 4 and 15 seeking leave to amend or correct his Amended Summons with Notice to relate back to the date of his original filing of the Summons with Notice. Both motions have been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. DISCUSSION[4]

First Liberty contends this whole action must be dismissed because Sanderson ran afoul of the two-year statute of limitations in his homeowner's policy, a limitations period which expired on January 7, 2016. According to defendant, plaintiff's original filing in state court on January 6 was defective because it incorrectly used defendant's trade name and, more importantly, was never served on defendant.

Sanderson's opposition sets forth in significant detail his underlying rationale for first selecting "Liberty Mutual Insurance" as the name of the defendant in the state action. Plaintiff's declaration further explains that he undertook diligent efforts—including several calls and visits to the Clinton County Clerk's Office, various communications with First Liberty's representatives and counsel, and even attempts to contact New York State's

---

[3] A defendant who has not been properly served may file a motion to dismiss for "insufficient process," FED. R. CIV. P. 12(b)(4), or for "insufficient service of process," FED. R. CIV. P. 12(b)(5). First Liberty appears to have also noticed its motion under Rule 12(b)(6) in an effort to properly raise the policy's statute of limitations as a pre-answer defense.

[4] For purposes of resolving these motions, it is assumed that First Liberty properly removed this action.

Department of Financial Services—to navigate his way through the state court's filing and service requirements.

After considering the matter, First Liberty's bid for outright dismissal under these circumstances is rejected. As defendant appears to acknowledge, the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts and govern procedure after removal." FED. R. CIV. P. 81(c); see also 14C Federal Practice & Procedure § 3738 (4th ed.) ("After the removal of an action from state court, the . . . . case will proceed as if it originally had been brought in the federal court.").

As relevant here, Rule 4 governs federal service of process. See FED. R. CIV. P. 4. Of course, "removal does not automatically restart the clock for timely service or keep a district court from considering a plaintiff's previous delays in effecting service." Consiglio v. Ward Trucking, LLC, 2012 WL 4498895, at *1 (E.D.N.Y. Sept. 27, 2012). "Nor does it waive any Rule 12(b) defenses, including sufficiency of service." Id.

Importantly, however, a district court enjoys discretion to allow service to be completed, or new process issued, in a removed case pursuant to Rule 4 "in the same manner as in cases originally filed in such district court" where "any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective." 28 U.S.C. § 1448.

Indeed, Rule 4(m) permits a district court "to extend the deadline for the service of a summons and complaint even without proof of good cause to excuse a plaintiff's service default." Consiglio, 2012 WL 4498895, at *2; see also Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions [to perfect service] even in the absence of good cause."). In deciding whether to grant an extension, a court

- 4 -

should weigh "the impact that a dismissal or extension would have on the parties." Id. (citations omitted). "In so doing, courts have considered factors such as the statute of limitations bar, the diligence of the plaintiff in attempting to serve, the prejudice to the defendant, and defendant's actual notice of the lawsuit." Id.

These discretionary factors weigh in favor of granting relief in Sanderson's favor. First, dismissal of this action would bar plaintiff from re-filing because the statute of limitations has certainly expired by this late date. See, e.g., Purzak v. Long Island Hous. Servs., Inc., 2013 WL 5202711, at *6 (E.D.N.Y. Sept. 13, 2013) (finding that this factor weighs in a plaintiff's favor in a Rule 4(m) analysis and collecting cases supporting this conclusion). "The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 109-10 (S.D.N.Y. 2000).

Second, First Liberty appears to have been on actual notice of Sanderson's action. At the very least, plaintiff's submissions in opposition demonstrate that defendant has been on notice of the underlying incident that forms plaintiff's claims in this action and that defendant has been in frequent, ongoing negotiations with plaintiff regarding a possible resolution. See Consiglio, 2012 WL 4498895, at *2.

Third, the only prejudice identified by First Liberty is that it will be forced to defend the action even though the limitations period has now expired. Other courts have rejected this argument as justification for dismissal in similar circumstances to these. See, e.g., Consiglio, 2012 WL 4498895, at *7 (finding attempt to assert limitations bar unavailing where defendants were on notice of the plaintiffs' claims and "should be prepared to defend this

lawsuit on the merits"); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs., 130 F.R.D. 291, 294 (S.D.N.Y. 1990) (explaining that prejudice "involves impairment of the defendant's ability to defend on the merits, rather than merely foregoing such a procedural or technical advantage").

Finally, permitting First Liberty to win dismissal on this basis would appear to be an anomalous result under state law. In New York, a plaintiff seeking to initiate an action using a summons with notice must first file his papers and obtain an index number from the County Clerk. Where, as here, a plaintiff accomplishes this first task in a timely manner, he enjoys a 120-day period in which to actually serve these initiating papers on the other parties to the suit. See N.Y.C.P.L.R. § 306-b.

Notably, Sanderson's submissions demonstrate that his initial state court filing was made on January 6, 2016, a date that appears to be within the limitations period under his homeowner's policy. Plaintiff's submissions further demonstrate that, as a pro se litigant, he had a reasonable basis for originally captioning his state court suit against First Liberty using its trade name rather than its registered one.

In fact, Sanderson's submissions also demonstrate that he discovered his error within the 120-day service period and immediately sought, albeit without leave of court, to file an amended summons with notice. Schroeder v. Good Samaritan Hosp., 915 N.Y.S.2d 302, 304 (N.Y. App. Div. 2d Dep't 2011) ("Where, as here, a summons and complaint are timely filed but not served, service of a substantively similar summons and complaint without leave of court under the same index number is proper when it is served before the period for responding to the original complaint has expired").

After he accomplished this task on May 4, Sanderson appears to have successfully served First Liberty the very next day. Indeed, even assuming more time would have been required to make the deadline, it is extremely likely under these circumstances that the state court would have exercised its discretion, "in the interest of justice," to permit plaintiff an extension of time to perfect his service. See N.Y.C.P.L.R. § 306-b.

## III. CONCLUSION

Sanderson, without the benefit of counsel, diligently attempted to properly commence this lawsuit in state court against First Liberty, who received notice of his suit within an acceptable time period in that forum before removing it to this federal court.

Accordingly, Sanderson's lawsuit should be heard on the merits, whatever they may be. See Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 550 (2010) ("[R]epose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.").

Therefore, it is

ORDERED that

1. First Liberty's motion to dismiss is DENIED;

2. Sanderson's motion for an extension of time to perfect service is GRANTED;

3. Sanderson's complaint (ECF No. 15) is deemed the operative pleading in this action; and

4. First Liberty must answer or otherwise respond to the complaint in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 19, 2017
      Utica, New York.